**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JIM PETRO, OHIO ATTORNEY GENERAL, ET AL., | ) ) | CASE NO.1:05CV2606 |
| Plaintiffs, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| THE INTERNATIONAL PREPARATORY SCHOOL | ) ) | **OPINION AND ORDER** |
| Defendant. | ) ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's unopposed Motion to Remand. The Court finds that remand is warranted as removal was improper. The case is ordered remanded to Cuyahoga County Court of Common Pleas for adjudication, as this Court lacks subject matter jurisdiction.

**Facts**

Plaintiffs filed their case in state court on October 20, 2005. The Complaint is an enforcement action against an alleged Ohio public school for a purported disposal of assets in violation of Ohio law. The state seeks to recover funds provided the school under Ohio laws.

On November 4, 2005, Defendant filed for removal under 28 U.S.C. §1441, alleging due

process violations asserted in its Counterclaim filed in state court prior to removal. Plaintiff moved to remand on November 15, 2005. Defendant has not opposed the Motion to Remand. The Motion for Remand alleges that Defendant's counterclaim does not create subject matter jurisdiction in federal court for purposes of removal under §1441.

**Analysis**

A state-court action may be removed to federal court if it qualifies as a "civil action ...of which the district courts of the United States have original jurisdiction, unless Congress expressly provides otherwise. 28 U.S.C. 1441(a). In the case at bar, the Defendant cited the basis of removal as original federal question jurisdiction under 28 U.S.C. §1441(a)(b)(c). "[a]ny civil action ... founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. §1441(b); see also 28 U.S.C. 1331. The US Supreme Court has held, " that [t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); see also *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."*Rivet v. Regions Bank of Louisiana, et al.,* 522 U.S. 470, 475 (1998). See *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Thus, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the

case." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 14 (1983). This Court has held, "where the defendant bases removal on federal question jurisdiction, a federal question must be presented on the face of the plaintiff's pleaded complaint." *Frasca v. Shaker Square Chiropractic, Inc.,* 252 F. Supp. 2d 468, (N.D. Ohio 2002).

With respect to a federal question counterclaim this Court has expressly stated, "there has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule." *Garbaccio v. Columbia Gas Transmission Corp.,* 289 F. Supp.2d 903, 905 (N.D. Ohio 2003) quoting *Texas v. Walker,* 142 F.3d 813, 816 (5th Cir. 1998).

Therefore, the Court finds that, under 28 U.S. 1441, federal question jurisdiction may not be created by a non-diverse defendant's federal question counterclaim in the absence of original federal jurisdiction found on the face of Plaintiff's Complaint. As Plaintiff's Motion to Remand is unopposed and this Court finds no federal question jurisdiction, this case is remanded to the Cuyahoga Court of Common Pleas for adjudication.

IT IS SO ORDERED.

| | |
|---|---|
| 12/13/05 | s/ Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |